327 F.Supp.2d 1013 (2004)
Michael MARTINEZ, Plaintiff,
v.
CITY OF ST. LOUIS, et al., Defendants.
Eric Deeken, Plaintiff,
v.
City of St. Louis, et al. Defendants.
No. 4:01CV580, 4:01CV1770.
United States District Court, E.D. Missouri, Eastern Division.
January 30, 2004.
*1014 Clyde E. Craig, Clyde E. Craig, P.C., Chesterfield, MO, for Plaintiff.
Charles W. Bobinette, Uthoff and Graeber, St. Louis, MO, John M. Gadzichowski, U.S. Department of Justice, Washington, DC, Consolidated Filer Plaintiff.
Benjamin Blustein, Carolyn Clark, U.S. Department of Justice, Washington, DC, Wesley D. Wedemeyer, Office of U.S. Attorney, St. Louis, MO, for Consolidated Filer Plaintiff and Defendants.
Nancy R. Kistler, City Counselor, St. Louis, MO, for Defendants.
Jerome A. Diekemper, Richard P. Perkins, Diekemper and Hammond, St. Louis, MO, for Intervenors and Movants.

ORDER
NANGLE, District Judge.
In 1974, two separate causes of action arose out of a civil rights employment dispute involving the St. Louis Fire Department.[1] In those actions, which were subsequently consolidated for adjudication, plaintiffs Firefighters Institute for Racial Equality ("F.I.R.E.") and ten black individuals, together with plaintiff United States, alleged that under-representation of blacks in the uniformed ranks of the Fire Department reflected a pattern or practice of unlawful discrimination by the City of St. Louis ("City") against blacks on the basis of race in hiring, promoting, and operating practices within the Fire Department in violation of Title VII of the Civil Rights Act of 1964.
Seeking to resolve the disputes in part by proposing to remedy the imbalance of black representation in the Fire Department, the parties jointly submitted a partial consent decree. The Court adopted the consent decree's terms. See City of St. Louis, 418 F.Supp. at 384-86 (amending City of St. Louis, 410 F.Supp. 948). After its adoption in 1976 until its dissolution by this Court's Order of November 5, 2003 (Doc. 118), the consent decree continuously governed in part the process for hiring entry-level firefighters in the Fire Department.
In 2001, Michael Martinez and Eric Deeken, two white individuals who unsuccessfully sought entry-level appointments to the Fire Department, filed separate complaints alleging unlawful reverse discrimination in the City's 1998 and 2001 hiring processes. Each plaintiff subsequently amended his complaint in order to, among other things, add F.I.R.E. as a defendant. Martinez's and Deeken's cases were consolidated for adjudication, see Order, Case Nos. 4:01CV580-ERW & 4:01CV1770-CDP (E.D.Mo. Oct. 7, 2002) (Perry, J.), and transferred to this Court. Thereafter, on December 30, 2002, the Court issued an Order consolidating the Martinez and Deeken cases with the 1974 consolidated cases.
On April 4, 2003, F.I.R.E. filed a motion for summary judgment (Doc. 88). That *1015 motion is now before the Court for adjudication.

I.
Summary judgment serves to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Fed.R.Civ.P. 56 advisory committee's note, cited in Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). Summary judgment is appropriate only when the pleadings, depositions and affidavits submitted by the parties indicate no genuine issue of material fact and show that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).
The party seeking summary judgment must first identify grounds demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Such a showing shifts to the nonmovant the burden to go beyond the pleadings and present affirmative evidence showing that a genuine issue of material fact exists. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256-57, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). The non-moving party "must domore than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586, 106 S.Ct. 1348. "They must show there is sufficient evidence to support a jury verdict in their favor." Nat'l Bank of Commerce v. Dow Chem. Co., 165 F.3d 602, 607 (8th Cir.1999). "Factual disputes that are irrelevant or unnecessary will not be counted," Anderson, 477 U.S. at 248, 106 S.Ct. 2505, and a mere scintilla of evidence supporting the nonmovant's position will not fulfill this burden, see id. at 252, 106 S.Ct. 2505.

II.
Plaintiff Martinez and plaintiff Deeken each sought dissolution of the consent decree in Count I of their respective amended complaints. See Martinez's 2d Am. Compl. (Count I); Deeken's 1st Am. Compl. (Count I). By Order issued November 5, 2003 (Doc. 118), this Court dissolved the consent decree; thus, any issue regarding consent decree dissolution is moot.
Plaintiff Martinez and plaintiff Deeken also seek relief from or directed against the City in the form of monetary damages, attorney fees and costs, injunctions and other equitable relief. See Martinez's 2d Am. Compl. (Counts II, III, IV, V, VI, VII, VIII, IX, X, XI, XII); Deeken's 1st Am. Compl. (Counts II, III, IV, V, VI, VII, VIII, IX). In each of these counts, no allegations are directed against F.I.R.E.,[2] and none of the relief sought can be provided by F.I.R.E.[3] Because no genuine issue of material fact exists as to the absence of F.I.R.E.'s liability pursuant to those counts, F.I.R.E. is entitled to summary judgment as to those counts as a matter of law. See Fed.R.Civ.P. 56(c).

III.
Pursuant to the foregoing, F.I.R.E.'s summary judgment motion is DENIED IN PART AS MOOT as to Count I in *1016 Deeken's First Amended Complaint and Count I in Martinez's Second Amended Complaint with respect to relief sought regarding dissolution of the consent decree. Insofar as F.I.R.E.'s summary judgment motion seeks F.I.R.E.'s dismissal as a defendant liable to Martinez and Deeken pursuant to allegations in their amended complaints, F.I.R.E.'s summary judgment motion is GRANTED.
So ORDERED.
NOTES
[1] See CV 74-30C(1) (E.D.Mo.); CV 74-200C(1) (E.D.Mo.).
[2] Specifically: (1) plaintiffs' complaints do not allege that F.I.R.E. is an "employer" within the meanings of either Title VII of the United States Code, see 42 U.S.C. § 2000e(b), or the Missouri Human Rights Act, see Mo. Stat. § 213.010(7); (2) plaintiffs' complaints do not allege that F.I.R.E. intentionally discriminated against them in violation of 42 U.S.C. § 1981; and (3) plaintiffs' complaints do not allege that F.I.R.E. acted under color of state law or that F.I.R.E. acted in violation of 42 U.S.C. § 1983.
[3] All allegations and prayers for equitable and monetary relief are directed against exclusively against the City.